# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2013

No. 12-51082
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES N. DRAPER,

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A.; BANK OF AMERICA HOME LOAN
SERVICING, L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-505

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pro se appellant Charles N. Draper sued his lender, Bank of America, N.A.
and Bank of America Home Loan Servicing, L.P. (collectively BANA), seeking to
prevent foreclosure of his home and claiming that he suffered damages related
to the threatened foreclosure.  Mr. Draper sought refinancing of the mortgages
on his property in order to obtain a better interest rate; at that time, he was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-51082

in default.  BANA employees allegedly told him that he would qualify for a hardship modification if he purposely defaulted on his loans.  He did so, but BANA failed to modify his mortgages and attempted to foreclose.  After protracted litigation, in which the district court enjoined BANA from foreclosing on Mr. Draper's property so long as he made payments on his loans, the court awarded summary judgment to BANA.  Mr. Draper now appeals.  For the reasons given in the district court's well-reasoned opinion, we AFFIRM.  We do not consider Mr. Draper's constitutional claim, which he raises for the first time on appeal.  *Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010).

We note that, due to the intervention of the district court, no foreclosure sale has occurred, and Mr. Draper is now current on his loans.  Thus, the parties' *status quo ante* has been achieved.  Admittedly, this does not mean that Mr. Draper does not have a cause of action, but it was his burden to present sound evidence and more-than-conclusory arguments that he suffered an injury caused by BANA's acts or omissions.  He has not met this burden.  As the district court stated in its July 24, 2012, order:

> [T]he Court emphasizes its displeasure at the continuation of this case.  Mr. Draper is no longer in default of his mortgages, having brought them up to date.  There is no question he was in default of the mortgages with or without a good reason.  There is further no question as [to] the mishandling of this account by the defendants.  This case is no different from the literally hundreds of cases that are pending in this court as well as in the state courts.  The parties in this case, however, should be glad that the substantive issues have been resolved and go about their own ways rather than incurring waste of time and expense by paving the road down into a very deep well.

Unfortunately, the road was paved much farther and has now reached this court.  As far as we can tell from our vantage, the well is dry.

AFFIRMED.

2